**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Best Western International, Inc., | No. CV10-0740 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Fish Creek Holdings, LLC, et al., | |
| Defendants. | |

On February 7, 2011, this Court denied Plaintiff's motion for default judgment against defendants without prejudice and ordered Plaintiff to file a memorandum showing cause why the case should not be dismissed and the claims adjudicated in Defendant Martinsen's bankruptcy adversary action. Doc. 29. Plaintiff complied by filing a combined memorandum and renewed motion for default judgment against Defendant Fish Creek Holdings, LLC ("Fish Creek") on February 11, 2011. Doc. 30.

Plaintiff concedes that its claims against Defendant Sue Martinsen should be dismissed in light of the latter's bankruptcy petition. Doc. 30 at 3:1-2. Good cause appearing, Defendant Sue Martinsen will be dismissed from this case.

Plaintiff also moves anew for default judgment against Fish Creek. Doc. 30 at 6. In its February 7 order ("the Order"), the Court noted that Plaintiff's complaint identified Henry Martinsen, Defendant Sue Martinsen's husband, as the "owner" of Fish Creek. Doc. 29 at 1. The Court observed that to the extent Fish Creek represents property of the Martinsen bankruptcy estate, Plaintiff's motion for default judgment runs counter to the automatic stay

1  of 11 U.S.C. § 362(a). In its memorandum, Plaintiff argues for the first time that the
2  Martinsens' bankruptcy petition does not disclose any ownership interest in Fish Creek
3  (Doc. 30 at 4), suggests that such disclosure failure may be an oversight (*id.* at 5:9), and
4  implies that its initial belief as to the ownership of Fish Creek could have been mistaken (*id.*
5  at 5:2). Plaintiff also asserts that Fish Creek was dissolved on January 7, 2011, that another
6  entity named Fish Creek Management, LLC was also dissolved on the same date, and that
7  the Martinsens had a 50% interest in the latter entity. Doc. 30 at 4. Finally, Plaintiff argues
8  that even if the Martinsens had an ownership interest in Defendant Fish Creek, the automatic
9  stay of § 362(a) would not preclude judgment against Fish Creek because the latter is not a
10 debtor. Doc. 30 at 2. Plaintiff cites for support to *Groner v. Miller (In re Miller)*, 262 B.R.
11 499, 503-04 (B.A.P. 9th Cir. 2001)*, In re Chugach Forest Products, Inc.*, 23 F.3d 241, 246
12 (9th Cir. 1994), and *In re Advanced Ribbons & Office Products, Inc.*, 125 B.R. 259, 263
13 (B.A.P. 9th Cir. 1991). Doc. 30 at 2, 5.

14 Moreover, Plaintiff's contention that the bankruptcy stay would not apply against Fish
15 Creek even if bankruptcy-debtor Henry Martisen was the owner of Fish Creek is tenuous.
16 The Ninth Circuit has held, for example, that a debtor's pre-foreclosure right to redeem a
17 note is property of the estate, and that a creditor who moves to lift the stay has the "burden
18 of proof on the question of a debtor's lack of equity in property." *In re Bialac*, 712 F.2d 426,
19 430-32 (9th Cir. 1983). The *Bialac* court recognized that even options or contingent interests
20 are "property of the bankruptcy estate." *Id.* at 431. It follows, therefore, that a bankruptcy-
21 debtor's significant interest in an LLC is property of the bankruptcy estate. *See Segal v.*
22 *Rochelle*, 382 U.S. 375, 379 (1966) ("The main thrust of [11 U.S.C. § 541] is to secure for
23 creditors everything of value the bankrupt may possess in alienable or leviable form when
24 he files his petition. To this end the term 'property' has been construed most
25 generously . . . ."). It also follows that to the extent a judgment against Fish Creek would
26 substantially reduce the value of the Martinsen bankruptcy estate, entertaining such a
27 judgment may run contrary to the principles of the automatic stay.

28 Out-of-circuit case law provides further persuasive considerations related to this point.

The Fourth Circuit has held in *A.H. Robins Co. v. Piccinin* that an automatic stay may apply to non-debtors in "unusual circumstances," such as occur when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." 788 F.2d 994, 999 (4th Cir. 1986). The Ninth Circuit has declined to adopt this rule in cases where the rule was not dispositive, but it has not completely closed the door on this principle. *E.g.*, *In re Chugach*, 23 F.3d at 247.

The Court does not have before it sufficient facts to assess whether the "unusual circumstances" rule would or would not apply with respect to Fish Creek. With regard to the "identity between the debtor and the third-party defendant," Plaintiff is ambiguous as to the extent of bankruptcy debtors' interest in Fish Creek. The complaint identifies Henry Martinsen as the owner of Fish Creek (Doc. 1 ¶ 23), an allegation Defendant Sue Martinsen admitted (Doc. 12 at 2). This would imply complete ownership by debtor Henry Martinsen and could trigger the "unusual circumstances" rule. Plaintiff's most recent memorandum is ambivalent, as discussed above. Plaintiff could have conducted discovery to ascertain this fact from debtors themselves. *In re Miller*, 262 B.R. 499, 507 (B.A.P. 9th Cir. 2001) (holding that discovery subpoenas may issue to a bankruptcy debtor as a third-party witness in a case against a non-debtor).

Plaintiff's cited case law does not support a different conclusion. *In re Advanced Ribbons* held that foreclosure of a shareholder's interest in a debtor corporation does not violate the bankruptcy stay. 125 B.R. at 264. *In re Chugach* held that an *in rem* seizure of a vessel that did not belong to debtor but carried debtor's cargo did not violate the automatic stay against debtor's estate because the vessel was not the property of the debtor, was a distinct person-defendant in a maritime *in rem* action under admiralty law, and unloading of debtor's cargo was not possible after the vessel was arrested. 23 F.3d at 245-47. And *In re Miller* concerned the issue of whether subpoenas to a debtor third-party witness in litigating claims against a non-debtor violated the stay against debtor. 262 B.R. at 505-07. None of the aforementioned cases address the issue and facts in this case.

In sum, Plaintiff has failed to persuade the Court that default judgment against Fish Creek is proper. The motion will be denied for the reasons stated above.

**IT IS ORDERED:**

1. Defendant Sue Martinsen is hereby dismissed from this case. The Clerk shall update the docket accordingly.
2. Plaintiff's motion for default judgment (Doc. 30) is **denied**.
3. Plaintiff shall, on or before **May 2, 2011**, file a memorandum advising the Court of how it wishes to proceed in this case.

DATED this 11th day of April, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge